IN THE COUNTY COURT IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO. 12-4038-CO-41

JAMIE LEHNER,

    Plaintiff,

v.

GE CAPITAL RETAIL BANK f/k/a
GE MONEY BANK,

    Defendant.

_____/

## AMENDED COMPLAINT

NOW COMES the Plaintiff, JAMIE LEHNER, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, GE CAPITAL RETAIL BANK FKA GE MONEY BANK, and alleging as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 (hereafter the "FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2. Plaintiff, JAMIE LEHNER ("Plaintiff"), is a "consumer" as defined by the FCCPA, who was at all relevant times residing in Pinellas County, State of Florida.

3. At all relevant times herein, Defendant, GE CAPITAL RETAIL BANK FKA GE MONEY BANK ("Defendant") or ("GE CAPITAL") acted as a debt collector in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Pinellas County, Florida.

## JURISDICTION

5. This is an action seeking damages in excess of $15,000.00, exclusive of attorneys' fees and court costs.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant has made at least one attempt to collect an alleged debt from the Plaintiff.

8. Defendant regularly collects debts from consumers such as the Plaintiff.

9. In connection with collection of an alleged debt in default, Defendant placed non-emergency calls to Plaintiff's cellular telephone no fewer than fifty-five (55) times between January 7, 2012 and January 30, 2012 and thereafter.

10. On or about January 9, 2012, Plaintiff verbally requested that Defendant stop calling her cellular telephone during her work hours as she was unable to answer the telephone.

11. Despite Plaintiff's verbal request to cease calling during certain hours, Defendant continued to place several calls daily during the hours Plaintiff requested that Defendant cease calling.

12. By placing no fewer than fifty-five (55) calls to Plaintiff's cellular telephone, Defendant willfully communicated with a debtor with such frequency as would reasonably be expected to harass the debtor.

13. As a result of Defendant's harassment, Plaintiff was required to obtain a new cellular telephone number on February 5, 2012.

14. Because Plaintiff was changing telephone numbers, her cellular telephone provider, Virgin Mobile, revoked her contractual price term of $25.00 per month and instead offered Plaintiff $60.00 to $70.00 per month for the same service.

15. Because Plaintiff was no longer receiving a "deal" with Virgin Mobile, she changed cellular telephone providers at that time.

16. Upon information and good-faith belief, Defendant placed multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

17. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

18. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

19. In the alternative, if Defendant did have Plaintiff's prior express consent to make telephone calls to Plaintiff's cellular telephone number, Plaintiff subsequently revoked that consent.

20. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff voluntarily.

21. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff under its own free will.

22. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

23. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place telephone calls to Plaintiff.

24. Upon information and good-faith belief, Defendant maintains business records that show all calls that Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

25. As a result of the above violations of the FCCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST GE CAPITAL

26. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-25 of this complaint.

27. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff or Plaintiff's family.

28. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JAMIE LEHNER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 25.

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

**\*\*\*PLAINTIFF REQUESTS A TRIAL BY JURY \*\*\***

                                         ALEX D. WEISBERG
                                         WEISBERG & MEYERS, LLC
                                         ATTORNEYS FOR PLAINTIFF
                                         5722 S. Flamingo Road, Ste. 656
                                         Cooper City, FL 33330
                                         (954) 212-2184
                                         (866) 577-0963 fax

                                         By:_____
                                               Alex D. Weisberg, Esq.
                                               FBN: 0566551