UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE LEHNER,

      Plaintiff,

v.                                                CASE No. 8:13-CV-1870-T-24MAP

GE CAPITAL RETAIL BANK
f/k/a GE MONEY BANK,

      Defendant.
_____/

**<u>ORDER</u>**

      Before the Court is Plaintiff's motion for sanctions (doc. 5) and Defendant's response (doc. 6). Defendant removed this case to federal court in July 2013. Plaintiff now requests that I sanction Defendant for its failure to comply with a pre-removal state court order that granted in part Plaintiff's motion to compel discovery responses. Plaintiff requests extreme sanctions: that the Court prevent Defendant from opposing Plaintiff's claims, order that Plaintiff's version of the facts be deemed admitted, and require Defendant pay Plaintiff's attorney's fees and costs for both the instant motion and the state court motion to compel. Plaintiff does not ask the Court to compel discovery responses.

      The motion is denied. In June 2013, Pinellas County Judge Myra Scott McNary ordered Defendant to respond to certain discovery requests. Although each party's version of subsequent facts is different, Defendant did not serve supplemental discovery responses. Instead, it removed the case to federal court (after Plaintiff amended his complaint to allege a count under the federal Telephone Consumer Protection Act).

      "After removal, orders issued by the state court are considered orders of the district

court." *Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1324 (11th Cir. 2008).  Likewise, parties to a removed case must comply with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 81(c)(1).  In general, discovery is prohibited prior to the parties conferring as required by Rule 26(f).  According to Defendant, the parties have not yet conferred pursuant to Rule 26(f) and have not yet agreed on a proposed discovery plan.  In fact, Defendant calls into question the veracity of Plaintiff's certificate of good faith conference pursuant to Local Rule 3.01(g), M.D. Fla., contained in his motion.  I take no position on this other than to caution the parties – now that their dispute is in federal court – to review both the Local Rules of this Court and the Federal Rules of Civil Procedure.  They must conduct their Rule 26(f) conference "as soon as practicable," they must "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case," they must "make or arrange for the disclosures required by Rule 26(a)(1)," and they must "develop a proposed discovery plan," among other obligations.  Fed. R. Civ. P. 26(f).

Under these circumstances, I decline to order the extreme sanctions Plaintiff seeks.  *See* Fed. R. Civ. P. 37(b)(2)(C) (court need not award expenses for failure to comply with a court order if circumstances make such an award unjust).  Plaintiff's motion for sanctions (doc. 5) is denied.

DONE and ORDERED in Tampa, Florida on August 26, 2013.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE