UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE LEHNER,

    Plaintiff,

v.                                          Case No.: 8:13-cv-1870-T-24-MAP

GE CAPITAL RETAIL BANK f/k/a
GE Money Bank,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 30). Defendant opposes the motion (Doc. No. 31), and Plaintiff has filed a reply brief (Doc. No. 34). As explained below, Plaintiff's motion is denied.

## I. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

**II. Background**

On November 26, 2010, Plaintiff Jamie Lehner applied for a Wal-Mart credit card that was issued by Defendant GE Capital Retail Bank ("GE"). (Doc. No. 30-9). In her credit application, Plaintiff provided her cell phone number in the spaces that asked for her home phone number and her cell phone number. (Doc. No. 30-9; Doc. No. 31-6, p. 17; Doc. No. 30-2, p. 7).

By November of 2011, Plaintiff stopped making payments toward this credit card. (Doc. No. 31-3, p. 57). GE called Plaintiff's cell phone in an attempt to collect the balance due on the account, and on January 14, 2012, Plaintiff told GE to stop calling her cell phone. (Doc. No. 30-3, p. 7; Doc. No. 31-6, p. 7). The parties, however, dispute the scope of her directive. Specifically, they dispute whether she gave a blanket directive for GE to stop calling her cell phone, or whether she told GE to stop calling her cell phone during her work hours.

In her amended complaint in this case, Plaintiff alleges that she told GE to stop calling her cell phone during her work hours because she was unable to answer her cell phone at that time. (Doc. No. 2, ¶ 10). Additionally, Plaintiff stated at her deposition that she reviewed the allegations in the amended complaint, and the allegations were accurate. (Doc. No. 31-1, depo. p. 11). However, in May of 2013, GE stated in its Supplemental Responses to Plaintiff's Interrogatories that on January 14, 2012, Plaintiff verbally advised GE to stop calling and that Plaintiff's directive was documented in its accounts records system. (Doc. No. 30-2, p. 5; Doc. No. 30-3, p. 7). After GE gave that response, Plaintiff took the position that she gave a blanket directive for GE to stop calling her cell phone. (Doc. No. 31-6, p. 4, 6, 25). Thus, the parties dispute the scope of Plaintiff's January 14, 2012 directive for GE to stop calling her cell phone.

Regardless of the scope of Plaintiff's directive, GE's records show that it continued to call Plaintiff's cell phone during her work hours after Plaintiff's January 14, 2012 directive. (Doc. No. 30-3, p. 6-7). Plaintiff's work hours at that time were 8:45 a.m. to 5:30 p.m. or 6:00 p.m. Monday through Friday. (Doc. No. 31-1, p. 50). However, there is no evidence before the Court regarding whether Plaintiff communicated her work hours to GE, and if so, what she stated her work hours were.

GE made 22 calls to Plaintiff's cell phone after Plaintiff's January 14, 2012 directive to stop calling, and 7 of those calls were made on a Wednesday or Friday between 8:45 a.m. and 6:00 p.m. (Doc. No. 30-3, p. 6-7). The dates and times for GE's 22 calls are listed below:

| **Date** | **Time** | **Date** | **Time** |
|---|---|---|---|
| Wed, 1/25/12 | 19:39<br>**14:39**<br>**08:53**<br>08:05 | Sun, 1/29/12 | 16:08<br>13:33<br>12:08<br>10:53<br>09:53<br>08:36 |
| Fri, 1/27/12 | 19:06<br>**17:54**<br>**17:25**<br>**14:47**<br>**12:43**<br>**10:23**<br>08:06 | Mon, 1/30/12 | 08:19 |
| Sat, 1/28/12 | 17:35<br>15:33<br>13:04<br>09:06 | | |

(Doc. No. 30-3, p. 6-7). Additionally, GE admits that it made these 22 calls by using an automated telephone dialing system ("ATDS") to place the calls. (Doc. No. 30-2, p. 5). On

January 30, 2012, GE closed Plaintiff's account due to delinquency. (Doc. No. 31-3, p. 85).

On May 7, 2012, Plaintiff filed suit against GE in state court. On July 19, 2013, the case was removed to this Court based on federal question subject matter jurisdiction. (Doc. No. 1). In her amended complaint, Plaintiff asserts two claims: (1) Count I - violation of § 559-72(7) of Florida's Consumer Collection Practices Act, and (2) Count II - violation of 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act ("TCPA"). (Doc. No. 2).

With regard to her TCPA claim, which is the only claim relevant to the instant motion, Plaintiff alleges the following in her amended complaint (Doc. No. 2): GE is a debt collector, and in connection with the collection of an alleged debt in default, GE placed at least 55 non-emergency calls to Plaintiff's cell phone between January 7, 2012 and January 30, 2012. Plaintiff alleges that GE did not have her consent to call her cell phone, and alternatively, if GE did have her prior consent, she subsequently revoked her consent on January 14, 2012.

### III.  Motion for Partial Summary Judgment

Plaintiff now moves for partial summary judgment as to 22 (of the 55) calls that GE made to her cell phone that allegedly violated the TCPA. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service."

In her motion (as supplemented by her reply brief), Plaintiff contends that she is entitled to partial summary judgment for the 22 calls that GE made to her cell phone after January 14,

2012.[1] Specifically, Plaintiff contends that she is entitled to summary judgment on her contention that these calls were *willful* violations of the TCPA, because GE made these calls after she revoked her consent to be called on her cell phone. As explained below, the Court concludes that Plaintiff is not entitled to summary judgment as to these 22 calls.

As previously stated, GE violated the TCPA if it: (1) made a call using an ATDS; (2) the call was not made for emergency purposes; (3) the call was made without Plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to Plaintiff's cellular telephone service. GE does not dispute that it made 22 calls using an ATDS for non-emergency purposes to Plaintiff's cell phone after Plaintiff revoked her consent to be called on her cell phone. However, GE disputes the scope of Plaintiff's revocation of her consent, and the Court agrees that a genuine issue of material fact exists regarding whether Plaintiff gave a blanket directive to GE to stop calling her cell phone or whether Plaintiff directed GE to stop calling her cell phone during her work hours. Furthermore, even assuming that Plaintiff only told GE to stop calling her cell phone during her work hours, there is no evidence before the Court regarding what hours Plaintiff told GE were her work hours (during which GE could not call her cell phone). Given the factual dispute regarding the *scope* of Plaintiff's revocation of her consent, and given the lack of evidence regarding the *substance of any communication* by Plaintiff to GE regarding her work hours, the Court finds that Plaintiff's motion for summary

---

[1]On February 5, 2012, GE placed Plaintiff's account with GE's vendor, iQor (also known as Allied Interstate), for collections. (Doc. No. 31-3, p. 88). In her summary judgment motion, Plaintiff also contends that GE is liable for an additional 221 calls made by iQor from February 5, 2012 through March 20, 2012. GE opposed this theory of liability, arguing that it was not pled in Plaintiff's amended complaint. As a result, Plaintiff stated in her reply brief that she would not pursue any claims relating to iQor's calls in this lawsuit.

judgment regarding Plaintiff's TCPA claim with respect to these 22 calls to Plaintiff's cell phone must be denied.

The Court notes, with respect to a trial in this case, that to the extent that Plaintiff contends that she never consented to GE calling her cell phone, the evidence contradicts this position. Specifically, Plaintiff provided her cell phone number in her credit application for the debt at issue. (Doc. No. 30-9; Doc. No. 31-6, p. 17; Doc. No. 30-2, p. 7). The FCC, which makes the rules and regulations that are necessary to carry out the TCPA, has stated that the provision of a cell phone number to a creditor as part of a credit application reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. See Mais v. Gulf Coast Collection Bureau, Inc., 2014 WL 4802457, at *5 (11th Cir. Sept. 29, 2014). Thus, there is evidence before the Court that Plaintiff gave prior express consent to GE to call her cell phone regarding the debt. As such, there is evidence before the Court that the calls made to Plaintiff's cell phone prior to her January 14, 2012 revocation of consent would not be violations of the TCPA.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment (Doc. No. 30) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 7th day of October, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: All parties and Counsel of Record